**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1781**

---

ELISE GUY TCHUENKAM KOM,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-220-860)

---

Submitted:  February 9, 2005        Decided:  February 25, 2005

---

Before WILKINSON, LUTTIG, and GREGORY, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, John J. Powers, III, Steven J. Mintz, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Elise Guy Tchuenkam Kom, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). We have reviewed the administrative record, the immigration judge's decision, and the Board's order and find substantial evidence supports the conclusion that Kom failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); Elias-Zacarias, 502 U.S. at 483 (same).

Next, we uphold the Board's denial of Kom's application for withholding of removal. The standard for withholding of removal is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution.

INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). As Kom failed to establish refugee status, he cannot satisfy the higher standard necessary for withholding.

Furthermore, we conclude substantial evidence supports the determination that Kom did not establish it was more likely than not that he would be tortured if removed to Cameroon, see 8 C.F.R. § 1208.16(c)(2) (2004), and thus, that Kom's petition for protection under the CAT was properly denied.

Accordingly, we deny Kom's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED